UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0089S |
| | ) | |
| NATHANIEL ANDRADE | ) | |

---

MOTION FOR DOWNWARD DEPARTURE

Now comes Nathaniel Andrade, the Defendant in the above captioned matter, and moves this Honorable Court to depart downward from the advisory guideline range suggested in the presentence report ("PSR") pursuant to U.S.S.G. § 4A1.3(b)(1). As grounds thereto, Mr. Andrade asserts that the advisory sentencing guidelines overstate the seriousness of his criminal record. Mr. Andrade also submits the attached memorandum.

Respectfully submitted
Nathaniel Andrade
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and James H. Leavey, Assistant United States Attorney, on January 11, 2006.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0089S |
| | ) | |
| NATHANIEL ANDRADE | ) | |

---

MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

Mr. Andrade has moved this Court to depart downward because the advisory sentencing guidelines overstate the seriousness of his criminal record of convictions. The probation department has correctly compiled Mr. Andrade's record and assigned points as prescribed by the guidelines as well assigning the career offender designation. A closer look at Mr. Andrade's current offense and the facts and circumstances of his convictions, however, show that he does not represent the heartland of offenders receiving almost 22 years in prison. The Court may depart from the guidelines when the circumstances show the case to be atypical and outside the heartland of similar offenses. *United States v. Bogdan*, 284 F.3d 324, 327 (1st Cir. 2002); *United States v. Carrion-Cruz*, 92 F.3d 5, 6 (1st Cir. 1996). *See also* U.S.S.G. §1A1.1, Commentary (2005). Mr. Andrade's conduct does not warrant the suggested career offender sentence.

The advisory sentencing guidelines, § 4B1.1 specifically, provides for an enhanced sentencing recommendation for individuals with particular convictions on their criminal records. The guideline designates a defendant as a career offender if the current charge is for a crime of violence or a drug trafficking crime, and the defendant has two like convictions in the past ten years. U.S.S.G. § 4B1.1(a) & (b) (2006). The increased sentence recommendation is typically 2 to 3 times longer than the advisory sentencing range without the designation. Here, Mr. Andrade has prior convictions for robbery and two drug trafficking offenses. The career offender designation catapults

his advisory sentencing range from 110 to 137 months of incarceration to 262 to 327 months.[1] This increased recommendation, however, has no relation back to Mr. Andrade's actual conduct.

The career offender guideline fails to adequately consider individual characteristics of the defendant or the offense. The advisory sentencing range for a career offender is based solely on the maximum statutory penalty an individual faces. For example, a career offender facing sentencing for a bank robbery, presuming acceptance of responsibility, always faces a sentencing range of 151 to 188 months because the maximum penalty for robbery is 20 years. A career offender with a new drug trafficking offense carrying a maximum sentence of 40 years always faces 188 to 235 months. Lastly, an individual like Mr. Andrade, facing a statutory sentencing range of 10 years to life, always faces the 262 to 327 month range. These sentencing ranges do not take into consideration the unique facts and circumstances of the particular offense or the particular defendant's prior convictions. The result is that defendants with very different offenses and records fall into the same cookie cutter advisory sentencing range. That means that the person with two prior breaking and entering convictions faces the same advisory range on his single bank robbery as the person with two prior rape convictions does on his spree of four bank robberies.

Mr. Andrade does have a significant criminal record. His predicate convictions, however, are not as serious as the charges sound. For example, Mr. Andrade was convicted of robbery in 1997, but only received a 22 months prison sentence. Also, in 1999 he was convicted of delivering a $20 bag of cocaine. Additionally, his 2003 drug trafficking conviction involved a relatively small amount of drugs. None of Mr. Andrade's prior convictions resulted in significant prison sentences. Even looking at Mr. Andrade's record in the worst light it cannot support or justify the sentence recommended by the guidelines through the career offender enhancement.

For all of these reasons the Court should depart downward from the recommended career offender guideline range.

---

[1]The career offender designation boosts Mr. Andrade's offense level 9 points from 25 to 34 in category VI.

Respectfully submitted
Nathaniel Andrade
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and James H. Leavey, Assistant United States Attorney, on January 12, 2007.

/s/ Kevin J. Fitzgerald