IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-089S |
| | ) | |
| NATANIEL ANDRADE | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO RECONSIDER SENTENCING**

The Defendant has requested that this Court reconsider its sentencing determination from April 27, 2007. While the government would agree that the Court should reconsider the sentence it imposed, the government believes that the Court should impose a sentence within the guidelines for the reasons previously set forth in the government's memorandum filed on that issue.[1] The Defendant is currently seeking yet another downward departure from the guidelines, this time based upon the possibility that the United States Sentencing Guidelines might be amended with regard to the crack cocaine guideline. The government points out that the Defendant's guidelines were calculated based upon the fact that he is a career offender, and the type of drug he distributed does not affect that calculation. Therefore, the Defendant's argument based upon the proposed amendment is irrelevant.

---

[1] The Defendant's sentencing was originally scheduled for January 19, 2007. The Court, on its own accord, continued the sentencing to April 27, 2007, at 11 a.m. and directed that the parties furnish the Court with sentencing memoranda. The time scheduled for the new April sentencing was originally 11 a.m. The morning of April 27, 2007, the assigned prosecutor verified with a court clerk that the sentencing was to be held at 11 a.m. Subsequently, the court decided, not to continue the sentencing, but rather advanced the time of the sentencing from 11 a.m. to 10 a.m. This was done without notice to the assigned prosecutor who was therefore unable to advocate on the government's behalf. An Assistant United States Attorney who was unfamiliar with the case was forced to litigate the issues. The Court then sentenced the Defendant to 180 months, below the guideline range calculated pursuant to the sentencing guidelines.

## I. TRAVEL OF THE CASE

The Defendant was arrested on January 25, 2007. On August 2, 2006, a grand jury returned a three count indictment against the Defendant for possession with intent to distribute five grams or more of cocaine base; possession with intent to distribute 3,4-Methylenedioxymethamphetamine (MDMA); and 3,4-Methylenedioxy Amphetamine (MDA). The Defendant was arraigned on August 4, 2006. An information to establish prior crimes was filed pursuant to 21 U.S.C. §851 on September 22, 2006. On October 30, 2006, the Defendant pled guilty without a plea agreement to the three count indictment before the Court. The Defendant was sentenced on April 27, 2007, to 180 months incarceration. The guideline range for career offenders as calculated under the United States Sentencing Guidelines (U.S.S.G.) is 262 to 327 months.

## II. ARGUMENT

The Defendant baldly, and incorrectly, states that an even greater sentencing disparity exists between his career offender range and the revised crack cocaine guideline range. Nothing new exists because there has been no change in the law. The Defendant bases his erroneous claim on speculation that *proposed* guideline amendments for September of this year will be passed. The nature of the Defendant's claim is speculative and is not a basis for relief.

A district court's authority to modify a sentence is "restricted to those specific instances in which Congress has granted jurisdiction." United States v. Zsofka, 121 F.3d 696 (1st Cir. 1997) (unpublished); see United States v. Bedonie, 413 F.3d 1126, 1129 (10th Cir. 2005); United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). The defendant has not identified any statute or rule that would

permit the Court to amend his sentence. Accordingly, the Court should deny the defendant's motion because it lacks jurisdiction to reconsider his sentence based upon a *proposed* amendment to the Guidelines. Furthermore, any motion to reconsider the defendant's sentence is premature. In general, the sentencing judge is to apply the guidelines in effect at the time of the sentencing. See 18 U.S.C. § 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11(a); United States v. Crudup, 375 F.3d 5, 8 (1st Cir. 2004); Isabel v. United States, 980 F.2d 60, 62 (1st Cir. 1992)[2]. The amendment to § 2D1.1 referenced by defendant in support of his request is merely proposed, will not go into effect until November 1, 2007, and may be rejected or modified by Congress in the interim. See 28 U.S.C. § 994(p).[3] Under § 994(p), Congress does not merely rubber stamp the Commission's recommendations. Rather, Congress has the unquestioned authority to reject or alter the amendment before the revisions go into effect and if "Congress withholds its approval, the Commission's policy judgments do not command judicial allegiance." United States v. Pho, 433 F.3d 53, 62 & n.4 (1st Cir. 2006); see also, Neal v. United States, 516 U.S. 284, 293 (1996)(noting that amendment to sentencing guidelines went into effect when Congress did not disapprove it in the 180 days allotted by statute); United States v. Camilo, 71 F.3d 984, 990 (1st Cir. 1995)(Commission amendments are to take effect upon a certain date, unless an

---

[2] An exception, not applicable in this case, is where the guideline in effect at sentencing would violate the ex post facto clause of the Constitution, in which event the court would use the guideline version in effect at the date of the offense of conviction. See U.S.S.G. § 1B1.11(b)(1).

[3] 28 U.S.C. § 994(p) provides in pertinent part that "The Commission [...] may promulgate [...] and submit to Congress amendments to the guidelines" and that such amendments "shall take effect on a date specified by the Commission, which shall be no earlier than 180 days after being so submitted and no later than the first day of November of the calendar year [...] except to the extent that the effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress."

intervening Act of Congress rejects them). Thus, the defendant's request is based upon a proposed amendment that may not ever be adopted by Congress. Additionally, there is no reason to think that the proposed amendment to § 2D1.1 will be retroactive even if Congress does adopt it. Nothing in its text indicates that it will apply retroactively and the case law clearly provides that a substantive change such as the proposed amendment to § 2D1.1 will not be retroactive. See Crudup, 375 F.3d at 8; United States v. Sanchez, 81 F.3d 9, 12 (1st Cir. 1996); United States v. LaCroix, 28 F.3d 223, 227 & n. 4 (1st Cir.1994); Isabel, 980 F.2d at 62; United States v. Havener, 905 F.2d 3, 4-8 (1st Cir.1990). First, the Defendant makes multiple misstatements using a guideline range under the proposed amendment. The Defendant, factoring in only the cocaine base, and ignoring the 778 ecstasy pills in his possession, erroneously claims that his guideline range would drop to a sentencing range of 92-115 months. The proposed amendment for 17.89 grams of crack would lead to a level 24 which, under the proposed amendment the guideline range, carries a range of 100 - 125 months. But the Defendant also ignores the fact that he was also in possession of 778 Ecstasy pills. When multiple drugs are at issue, all drugs must be converted to their equivalency in marijuana. Under the proposed amendment to the guidelines, the Defendant would still be a level 26, and given his extensive criminal history, he will always be a category VI, again leading to a guideline range of 120 - 150 months[4]. But none of this is applicable in the Defendant's case as he is a career offender.

---

[4] Under the proposed amendment to the guidelines, the Ecstasy still converts to the equivalent of 110.195 kilograms of marijuana. This results in a level 26. The proposed table (page 44 attached) directs that 5 kilograms are then multiplied against the 17. 89 grams of cocaine base, i.e. 17.89 x 5 = 89.45 kilograms. This amount is then added to the 110.195 kilograms (Ecstasy) = 199.645 kilograms of marijuana, which leads to a Level 26 under the guidelines. See attached proposed amendments to the U.S.S.G. pages 42 to 27.

The proposed amendment to § 2D1.1 will not impact the Defendant's sentence even if adopted because of his status as a career offender under § 4B1.1. The Defendant's sentencing guideline range was not determined under § 2D1.1. Rather, the Defendant was assigned a base offense level of 37 because he is a career offender under § 4B1.1. Therefore, even if the Defendant were sentenced under these proposed revisions to the Guidelines, his base offense level would remain the same.

## III. CONCLUSION

For the foregoing reasons, the Defendant should be re-sentenced within the guideline range.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 14th day of May, 2007, I caused the Government's Response to the Defendant's Motion to Reconsider his Sentencing to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Kevin J. Fitzgerald
Assistant Federal Defender
10 Weybosset ST., Suite 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov